UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| EASTERN LIVESTOCK CO., LLC | ) | CASE NO.: 10-93904-BHL-11 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| JAMES A. KNAUER, CHAPTER 11 | ) | |
| TRUSTEE OF EASTERN LIVESTOCK | ) | |
| CO., LLC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ADV. PROC. NO. 12-59029 |
| GENE STOOPS, | ) | |
| | ) | |
| Defendant. | ) | |

## PRE-TRIAL STATEMENT

Plaintiff James A. Knauer, as Trustee of the Bankruptcy Estate of Eastern

Livestock Co., LLC (the "Trustee" or "Plaintiff"), and defendant Gene Stoops ("Stoops"),

each by counsel, hereby submit the following joint pre-trial statement.

## I. PLAINTIFF'S STATEMENT

### A. Causes of Action

The Trustee is seeking to enforce payment on a promissory note executed by

Stoops in favor of ELC.   Promissory notes are negotiable instruments and subject to

Indiana's version of the Uniform Commercial Code.   IND. CODE § 26-1-3.1-104; *see also*

*Payne v. Mundaca Inv. Corp.*, 562 N.E.2d 51, 55 (Ind. Ct. App. 1990).   Under Indiana

1

law, the holder of a negotiable instrument may recover on that instrument by producing the signed note, or a copy of the note, proving that the note was executed, and that the note is now due and unpaid.   *See F.D.I.C. v. Skotzke*, 881 F.Supp. 364, 366 (S.D. Ind. 1994).   Once the holder has met this burden, the defendant must specifically plead and prove a defense to liability to avoid entry of judgment.   *Id.*   The Trustee is entitled to enforce the notes on behalf of the bankruptcy estate of ELC pursuant to I.C. § 26-1-3.1-301.

**B. Contentions of Fact**

1.    On or about May 6, 2010, Stoops executed and delivered to Eastern Livestock a Promissory Note, attached as Exhibit "A" to Complaint (the "Note") in the original principal sum of $234,580.56. The extension of credit pursuant to the Note is hereinafter known as the "Loan."

2.    The Loan was further evidenced by certain documents including, but not limited to an accounting ("Accounting") dated May 6, 2010 and attached to the Complaint as Exhibit "B" (The Note and Accounting collectively, the "Loan Documents").

3.    The Trustee is entitled to enforce the payment of the Note on behalf of the bankruptcy estate of ELC.

4.    The Note is payable "On Demand" and the Trustee hereby demands payment of the Note with interest.

5.    Pursuant to the demand, the Note has matured and the entire Note Balance (as defined below) is immediately due and payable.

2

6.    As of June 8, 2012, the amount due and owing to the Eastern Livestock under the Note is as follows:

| | |
|---|---|
| Current Principal | $234,580.56 |
| Contract Interest through June 8, 2012 | $20,868.03 |
| **TOTAL DUE** | **$255,448.59** |

plus all interest accruing after June 8, 2012, and all expenses and attorneys' fees incurred by the Trustee.

7.    Stoops is in default of payment of the Note for failure to pay upon demand as described above, and the Trustee demands immediate payment in full.

8.    Stoops has failed or neglected to pay the indebtedness as evidenced by the Note, and, as a result, ELC has suffered damages in the amount of $255,448.59 as of June 8, 2012, plus all additional accrued and accruing interest, charges and other fees and expenses, all as provided for under the Loan Documents.

9.    The Trustee is entitled to reasonable attorney fees and costs pursuant to the terms of the Note.

**C.    Reservation of Rights:    The Plaintiff reserves the right to amend this Joint Pretrial Statement as necessary.**

## II. DEFENDANT'S STATEMENT

**A.  Lack of Consideration.**

3

The claims asserted against Stoops are not supported by consideration. Although Stoops admits signing the Note, no loans were made to Stoops and he received nothing in return for signing the Note.

**B.    Contentions of Fact**

1.      Before Stoops was asked to sign the Note, there was a course of dealing between companies owned by Stoops with Eastern and/or Tommy Gibson.   The companies were Friendly Grove Feeders, LLC and On the Hoof, LLC, which were distinct legal entities.

2.      Stoops was not individually involved in the course of dealing, and received no individual consideration, but was asked to sign the Note long after his companies ceased operating.

3.      The "Accounting" attached to the Complaint is apparently some internal record prepared by Eastern or the Trustee, does not evidence any "Loan" to Stoops, and is not a "Loan Document."

4.      Because Stoops no longer has the relevant records for his businesses, he is without knowledge as to the amounts (if any) that may have been owing by his companies, or whether any such amounts were owing to Eastern, Tommy Gibson, or some combination of both.

5.      No loans were made to Stoops and he received nothing in return for signing the Note.

**C.    Reservation of Rights:   Defendant reserves the right to amend this**

4

**Joint Pretrial Statement as necessary.**

### III. JOINT STATEMENT

**A.      Agreed Statement of Undisputed Facts**

1.      The above-captioned adversary proceeding (the "Adversary Proceeding") arises in and is related to the above-captioned bankruptcy case (the "Chapter 11 Case"), which is currently pending under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "Court").

2.      This Adversary Proceeding is brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure.

3.      This Court has jurisdiction over the subject matter of this Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

4.      This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(b).

6.      Eastern Livestock Co., LLC ("Debtor" or "ELC") was one of the largest cattle dealers in the United States, with operations and assets located in at least eleven states.   ELC was headquartered in New Albany, Indiana, with branch locations across several states.

7.      Certain petitioning creditors commenced the Chapter 11 Case on December 6, 2010, (the "Petition Date") by filing an involuntary petition for relief under

the Bankruptcy Code.   The Bankruptcy Court entered the Order For Relief in An

Involuntary Case and Order to Complete Filing on December 28, 2010.

8.     On December 28, 2010, James A. Knauer was appointed as the Chapter

11 Trustee for ELC.

9.     Stoops is a "person" as defined in Section 101(41) of the Bankruptcy Code

residing in Indiana.

10.     Stoops executed the Note.

**B. Contested Facts**

See Plaintiff's and Defendants' sections above regarding contentions of fact.

**C. Contested Legal Issues**

See sections above regarding Plaintiff's causes of action and Defendants'

defenses, interests, causes of action, etc.

Respectfully submitted,

RUBIN & LEVIN, P.C.
Attorneys for Defendant

By:/s/    John M. Rogers
John M. Rogers, Atty. No. 6182-49
342 Massachusetts Ave., Ste. 500
Indianapolis, IN 46204
(317) 860-2923; Fax (317) 453-8623
johnr@rubin-levin.net


KROGER, GARDIS & REGAS, LLP

/s/     Amanda D. Stafford
Amanda D. Stafford, Attorney No. 30869-49
Attorney for James A. Knauer Chapter 11

6

Trustee of Eastern Livestock Co., LLC
111 Monument Circle, Suite 900
Indianapolis, Indiana    46204-5125
ads@kgrlaw.com
(317) 692-9000 Telephone
(317) 777-7437 Fax